Filed 07/22/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-04794

**Robert Wright v. Little & Cicchetti P.C., et al**

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss Plaintiff's First Amended Complaint (Motion: 8)
Filer:       William N Smart
Filed Date:  June 05, 2026

Plaintiff Wright brought this action against his former lawyer, Benjamin Luna, and Luna's prior firm, Little & Cichetti, P.C. Wright claims damages from their professional negligence. Wright's amended complaint added detail to his negligence claim from his original complaint. It also added count two for consumer fraud and count three for violation of the Vermont Consumer Protection Act (VCPA).

Defendants have moved to dismiss Wright's amended complaint under Rules 12(b)(1) and 12(b)(6). Wright has filed no response. All parties have counsel.

For the reasons set forth below, the court denies defendants' motion to dismiss (Mot. 8).

## I.    Background

This section summarizes Wright's amended complaint, focusing on the allegations most relevant to the pending motion and under the applicable legal standards noted in section II.

Wright's amended complaint contains three counts based largely on the same defendants' conduct. Wright's count one alleges negligence for a 2022 suit they filed on Wright's behalf in Orleans County. Wright alleges they should have known he lacked standing for this ultimately dismissed suit. He seeks as consequential damages recovery of approximately $25,000 in attorney's fees defendants charged. This count substantially resembles the same count in Wright's original complaint, with the additional reference to an email Luna allegedly sent and on which Wright relied when he hired Luna. See Am. Compl. ¶ 8.

Count two alleges consumer fraud. Wright alleges "Defendant's representations included specific statements that he had substantial experience handling complex estate litigation and had successfully litigated similar matters on behalf of clients." *Id.* ¶ 29. Wright alleges he reasonably relied on these false and misleading representations in hiring them. *Id.* ¶¶ 30, 35. Wright seeks slightly more than $25,000 related to the 2022 Orleans case plus "consequential damages to be proven at trial" "[a]s a direct and proximate result of Defendant[s'] conduct." *Id.* ¶¶ 34, 36.

Wright's final count three alleges violation of the VCPA. Wright's allegations for this count include that "Defendant, in the course of business and in connection with the advertisement, offer, and sale of legal services to Plaintiff, made representations and statements about material facts—specifically, Defendant's experience and competency in estate litigation— that were false, misleading, or likely to mislead a reasonable consumer." *Id.* ¶ 40. Wright alleges he relied on those material, unfair and deceptive acts and misrepresentations when he retained defendants. *Id.* ¶¶ 41-43.

## II. Discussion

On a Rule 12(b)(1) motion, the court accepts plaintiffs' allegations as true, including all reasonable inferences, denying dismissal "unless it appears beyond doubt that there exist no facts or circumstances that would entitle the [non-movant] to relief." *Housing Our Seniors in VT Inc. v. Agency of Commerce & Comm. Dev.*, 2024 VT 12, ¶ 11, 21 Vt. 80 (internal quotation and other citations omitted).

Under V.R.C.P. 12(b)(6), the court "must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514. The court does not accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Vitale v. Bellows Falls Union High Sch.*, 2023 VT 15, ¶ 28, 217 Vt. 611 (quotation omitted). The court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis v. American Legion, Dept. of Vermont*, 2014 VT 134, ¶ 12, 198 Vt. 204 (quotation omitted). "The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Off. of Child Support*, 173 Vt. 390, 395 (2002). Only "where the plaintiff does not allege a legally cognizable claim, [is] dismissal . . . appropriate." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 11, 209 Vt. 514, 520.

"The court's attention . . . is to be directed toward determining whether the bare allegations of the complaint constitute a statement of a claim under V.R.C.P. 8(a)." *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982). Rule 8 requires a "short and plain statement of the claim" in "simple, concise, and direct" language with "all pleadings [to] be construed as to do substantial justice." V.R.C.P. 8(a), (e), (f). "[T]he threshold a plaintiff must cross in order to meet our notice-pleading standard is exceedingly low." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 (citation omitted). Consequently, "[m]otions to dismiss for failure to state a claim are disfavored and should be rarely granted." *Id.* (citation omitted).

### A. Count One -- Negligence

Defendants seek dismissal of count one for lack of jurisdiction and failure to state a claim under Rules 12(b)(1) and 12(b)(6), respectively. They assert Wright lacks standing for this non-justiciable claim that in their minds relies on a lawsuit Wright field on Jun. 10, 2024 in Maine that remains pending. E.g., Mot. at 5 ("The entire premise of a supposed injury in this case turns on the ultimate resolution of the action before the Maine Superior Court, and Plaintiff's theory of recovery would therefore require the assumption of future contingencies arising from the resolution of that case.").

2

Wright's amended complaint nowhere references the Maine case. It focuses exclusively on the Orleans one. Defendants correctly note the elements of Wright's negligence claim against them. Mot. at 5 (quoting *Demag v. Better Power Equip., Inc.*, 2014 VT 78, ¶ 6, 191 Vt. 176, 179 ("Common law negligence has four elements: a legal duty owed by defendant to plaintiff, a breach of that duty, actual injury to the plaintiff, and a causal link between the breach and the injury."). Wright has alleged all of them. Am. Compl. ¶¶ 21-26.

This court cannot say that "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief" on this count. *Davis*, 2014 VT 134, ¶ 12. Defendants have not shown that count one merits dismissal. Contrast Mot. at 6-7 (doubting merits where "Plaintiff will be unable to recover the damages sought") with *Powers*, 173 Vt. at 395 ("The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it.").

## B. Counts Two and Three – Consumer Fraud and VCPA

Wright's consumer fraud claim duplicates his VCPA one. See *McKinstry v. Fecteau Residential Homes, Inc.*, 2015 VT 125, ¶ 4 n.1, 200 Vt. 392 ("As many of our decisions reflect, the statute was formerly known as the Consumer Fraud Act. The Legislature changed the name to the Consumer Protection Act in 2012.") (citing 2011, No. 109 (Adj.Sess.)).

> The statute prohibits deceptive acts and practices in commerce, which a complainant must establish with proof of three elements: (1) the representation or omission at issue was likely to mislead consumers; (2) the consumer's interpretation of the representation was reasonable under the circumstances; and (3) the misleading representation was material in that it affected the consumer's purchasing decision. Under the Act's objective standard, a consumer establishes the first element if she proves that the representation or omission had the tendency or capacity to deceive a reasonable consumer. Messages susceptible to multiple reasonable interpretations may violate the Act if just one of those interpretations is false.

*Jordan v. Nissan N. Am., Inc.*, 2004 VT 27, ¶ 5, 176 Vt. 465, 468 (citations omitted). See also *EBWS, LLC v. Britly Corp.*, 2007 VT 37, ¶ 26, 181 Vt. 513, 523 (noting consumer fraud plaintiff "must demonstrate: (1) that [defendant] made a representation or omission that was likely to mislead; (2) that [plaintiff] interpreted the message reasonably under the circumstances; and (3) that the misleading effects were material.").

The VCPA allows recovery by a "consumer" -- "any person who purchases, leases, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of the person's trade or business but for the person's use or benefit or the use or benefit of a member of the person's household[.]" *Id*. § 2451a(1).

Any allegedly unfair or deceptive act or practice "must take place in the context of [an] ongoing business in which the defendant holds [itself] out to the public." *Foti Fuels v. Kurrle Corp.*, 2013 VT 111, ¶ 21, 195 Vt. 524 (internal quotation marks and citation omitted).

Wright's count two allegations sufficiently plead consumer fraud. He alleges Luna's email asserted he had "extensive experience with probate[and] probate litigation" when "h[e] had no such experience." Am. Compl. ¶ 8. He adds "[i]t was blatantly false and misleading for the firm to allow his profile to be advertised in this way." *Id.* ¶ 9. Wright says he relied on this material representation, *id.* ¶¶ 30, 41, causing him damages. *Id.* ¶ 36. Luna's alleged (mis)representation lends itself to really only one interpretation. Wright interpreted it reasonably, based on his allegations. He has sufficiently particularized this straightforward alleged fraud. Contrast Mot. at 10-11 (asserting insufficient particularity).

If Wright intended to plead common law fraud, his allegations also suffice. See *Ianelli v. U.S. Bank*, 2010 VT 34, ¶ 14 n.*, 187 Vt. 644 ("Common law fraud requires a showing of intentional misrepresentation of existing fact."); *Bennington Hous. Auth. v. Bush*, 2007 VT 60, ¶ 8, 182 Vt. 133 ("'An action for fraud and deceit will lie upon an intentional misrepresentation of existing fact, affecting the essence of the transaction, so long as the misrepresentation was false when made and known to be false by the maker, was not open to the defrauded party's knowledge, and was relied on by the defrauded party to his damage.'") (quoting *Union Bank v. Jones*, 138 Vt. 115, 121 (1980)).

Wright's count three allegations satisfy the VCPA's requirements. He alleges he procured legal services for himself from defendants who operated as a "law firm representing clients in a variety of different attorney practice areas in the City of Burlington." Am. Compl. ¶ 2. Wright alleges that their "unfair or deceptive acts or practices" took place "in the course of business and in connection with the advertisement, offer, and sale of legal services" to him. *Id.* ¶¶ 40, 42. He alleges he "reasonably relied on Defendants' misrepresentations and omissions." Drawing all reasonable inferences in Wright's favor, *Montague*, 2019 VT 16, ¶ 10, the court concludes he has adequately pleaded this count against defendants.

### III.    Order

For the reasons outlined above, this court denies defendants' motion to dismiss (Mot. 8).

Wright has until Aug. 12, 2026 to file a second amended complaint containing clarifying and conforming amendments to count two consistent with today's order.

Electronically signed pursuant to V.R.E.F. 9(d) on July 21, 2026.

Colin Owyang
Superior Court Judge

4